986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Seddick MAHMOUDI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 02-9538.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Mahmoudi, a citizen of Morocco, seeks review of a decision of the Board of Immigration Appeals denying him asylum, withholding of departure and voluntary departure. We affirm.
 
 
 3
 Mr. Mahmoudi was found deportable for having overstayed the terms of his visa by an immigration judge following an evidentiary hearing. Mr. Mahmoudi filed a notice of appeal with the Board of Immigration Appeals indicating he would file a brief in support of his appeal. Mr. Mahmoudi failed to file a brief and the Board issued a summary dismissal for failure to adequately state the basis of appeal. Mr. Mahmoudi appeals this Order.
 
 
 4
 Mr. Mahmoudi entered this country in August 1986 as a student and enrolled in but one class and never returned to school. He has served 390 days in jail for charges arising from harassment and assault on his girlfriend, thus rendering him ineligible for voluntary departure. He asked for asylum because he dislikes the King of Morocco and believes the "omnipotent" King knows of his dislike and will jail him. He also claims to have converted to Christianity and alleges fear of persecution on that basis. He likewise claims that as a deportee he will lose his Moroccan citizenship. The Immigration Judge issued a lengthy opinion discussing the evidence and denied all relief.
 
 
 5
 Mr. Mahmoudi's notice of appeal asserted the Immigration Judge erred as a matter of law and abused his discretion and violated Mr. Mahmoudi's due process rights by only allowing Mr. Mahmoudi two weeks to support his asylum application. Mr. Mahmoudi also stated he would not seek oral argument and would submit a brief.
 
 
 6
 Four months thereafter the Board affirmed the Immigration Judge. The Board reviewed the record and held Mr. Mahmoudi failed to identify the basis of his appeal.
 
 
 7
 Mr. Mahmoudi raises four issues on appeal. He asserts: (1) the BIA may not summarily dismiss an appeal; (2) the BIA violated its own rules by failing to provide Mr. Mahmoudi with an opportunity to review his record before the brief was due; (3) Mr. Mahmoudi must have an opportunity to file a brief; and (4) the BIA's failure to give Mr. Mahmoudi a due date for filing his brief and failure to give him an opportunity to review the record is a violation of the Due Process Clause.
 
 
 8
 Prior to commencing our analysis we note the record on appeal shows at least ten continuances were sought and received by Mr. Mahmoudi. The Immigration Judge was exceedingly patient with Mr. Mahmoudi.
 
 
 9
 We also note Mr. Mahmoudi had over three months to present his asylum claim to the Immigration Judge and another four months to the Board. Mr. Mahmoudi, to this date, has never done so.
 
 
 10
 The law to be applied is not complex. Applicable regulations provide that the Board may summarily affirm the Immigration Judge's decision and dismiss the appeal when the party indicates he will file a brief and fails to file his brief or explain his failure. 8 C.F.R. § 3.1(d)(1-a)(E). The regulations also allow summary dismissal if the alien does not inform the Board of the specific grounds for his appeal. Id. at (A). The Board's summary dismissal is subject to an abuse of discretion standard of review.
 
 
 11
 Mr. Mahmoudi never filed a brief or an explanation of his failure with the Board after he represented he would file a brief. Under the applicable regulations, this failure is alone sufficient justification for summary dismissal.
 
 
 12
 Additionally, Mr. Mahmoudi's notice of appeal to the Board failed to inform the Board of the specific aspects of the Immigration Judge's decisions that were wrong and why. The Board cannot be expected to search a record for error "as a matter of law" and for "abuse of discretion." The third ground raised in the notice of appeal is patently frivolous.
 
 
 13
 The Board prepared a transcript and served it upon Mr. Mahmoudi and a briefing schedule was set. For the first time Mr. Mahmoudi contends in this appeal that he did not receive his mail until after the due date and cites to material outside the record to support this claim. We cannot, and will not, consider a matter raised for the first time on appeal. Newly discovered evidence is presented properly to the Board via a motion to reopen. 8 C.F.R. § 3.2. Such a claim is not submitted in the first instance to the United States Court of Appeals.
 
 
 14
 The record on appeal reveals several facts with startling clarity. First, Mr. Mahmoudi has clearly, consistently and continually engaged in a pattern of conduct designed to delay. Secondly, Mr. Mahmoudi has never raised any arguments showing or tending to show the Immigration Judge's decision was erroneous. Mr. Mahmoudi's appeal to this court attacks only the Board's decision and then only on procedural grounds. Were we to apply a plain error standard, the record affords us no opportunity to find, if the allegedly correct procedures had been filed, that the results would have been different. Third, if Mr. Mahmoudi could show prejudice due to his purported failure to receive mail, or if he has additional evidence that could not have been presented at the hearing, he should move to reopen under 8 C.F.R. § 3.2. Finally, when one engages in legal proceedings, one should make inquiry and not be content to sit back, do nothing, and then expect vindication for pursuing a no-inquiry no-action policy after representing a brief would be filed. The Board did not abuse its discretion.
 
 
 15
 The judgment of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3